M.T.L., Respondent Below, Appellant,

v.

T.P.L., Petitioner Below, Appellee.

Supreme Court of Delaware.

Submitted Feb. 15, 1980.

Decided April 17, 1980.

Abraham Hoffman, Wilmington (argued), of Hoffman & Hoffman, Wilmington, for respondent below, appellant.

Louis B. Ferrara, Wilmington (argued), of Aerenson, Balick & Ferrara, Wilmington, for petitioner below, appellee.

Before DUFFY, QUILLEN and HOR-SEY, JJ.

HORSEY, Justice:

The pivotal issue in this appeal from Family Court is whether the Trial Court obtained divorce jurisdiction over respondent (defendant), a non-resident of Delaware, by substituted service as provided under 13 Del.C. § 1508(d). Respondent appeals the Court's denial of her motion to vacate a final decree of divorce after establishing that she had received no notice by

mail of the divorce proceeding instituted by her husband and that she had no knowledge of it until some four months after entry of the decree. Finding 13 *Del.C.* § 1508(d) not to have been complied with, we reverse.

I

■■■ The Family Court's jurisdiction over divorce and annulment actions depends solely upon the statute conferring such jurisdiction. *DuPont v. DuPont*, Del.Supr., 216 A.2d 674 (1966). 13 *Del.C.* § 1504(a)[1] confers subject matter jurisdiction on the Court over actions for divorce and annulment where *either* petitioner or respondent "actually resided" (defined by 13 *Del.C.* § 1503(9) to mean "domiciled") in Delaware at the commencement of the action and such party otherwise meets the requirements of § 1504. As stated in *Fritz v. Fritz*, Del.Supr., 187 A.2d 348 at 349 (1962), for Delaware to have a legitimate current concern with the marriage status of parties, it is necessary that the domicile of at least one of them be within the State.

Assuming subject matter jurisdiction of the Family Court as to the marriage of the parties to have been established by petitioner under § 1504 (though respondent contests such claim by her motion to vacate), it was then necessary for jurisdiction to be obtained over respondent in compliance with 13 *Del.C.* § 1508. Section 1508 provides basically two methods for securing jurisdiction over a respondent: either through personal service (or voluntary appearance) as provided under § 1508(a)(1) through (4); or by mailing and/or publication as to either a resident or a nonresident who neither appears nor can be served personally, as provided under § 1508(d), hereafter set out in full. However, before resort may be made to § 1508(d) to acquire jurisdiction over a respondent by substituted service (in lieu of personal service or voluntary appearance) § 1508(b) and (c) provide

alternate "avenues" for invoking § 1508(d). Section 1508(b) and (c) provide as follows:

"(b) If the petition avers that it is unlikely that jurisdiction can be acquired over respondent except by mailing and publication, or by publication only, whether respondent is a resident or a nonresident of this State, jurisdiction may be acquired over respondent by mailing and publication, or by publication only, under subsection (d) of this section.

(c) If an effort has been made unsuccessfully to obtain jurisdiction over respondent as provided in subsection (a) of this section, then jurisdiction may be acquired over respondent by mailing and publication, or by publication only, under subsection (d) of this section."

In this case, § 1508(c) was the "avenue" through which substituted service was sought by petitioner upon respondent, under § 1508(d). Section 1508(d) provides as follows:

"(d) When service is to be made upon respondent by mailing and publication, the Clerk of the Family Court shall:

(1) Send a copy of the summons, petition and any affidavit to respondent by registered or certified mail, return receipt requested, to the address that petitioner had averred it is most likely that mail will be received by respondent; and

(2) Cause a notice in the form prescribed by subsection (e) of this section to be published once in a newspaper of general circulation in the county where the action is pending.

If petitioner has averred that he knows of no address where it is most likely that mail will be received by respondent there shall be no mailing.

No further notice shall be required unless the Court, deeming the circumstances exceptional, requires further notice."

---

1. 13 *Del.C.* § 1504(a) provides:

"(a) The Family Court of the State has jurisdiction over all actions for divorce and annulment of marriage where either petitioner or respondent, at the time the action was commenced,

actually resided in this State, or was stationed in this State as a member of the armed services of the United States, continuously for 6 or more months immediately preceding the commencement of the action."

As stated, § 1508(c) became operative[2] after personal service by summons was not accomplished under § 1508(a); and thus under § 1508(c) jurisdiction over respondent was permitted to be acquired "by mailing and publication, or by publication only, under subsection (d)" of § 1508. Since the Petition set forth a mailing address for respondent, mailing as well as publication was required under § 1508(d).

Notice by mail to respondent was attempted by the Clerk of the Court but instead of addressing the letter to respondent's "mailing address" which was set forth in the Petition (and which was in fact respondent's place of residence), the Clerk addressed its letter-notice to respondent in care of her employer[3] whose name and address was also set forth in the Petition. The letter-notice was never received by respondent and was returned by the postal authorities to the Clerk of the Court with the envelope stamped, "RETURN TO SENDER" and with a notation on it, "No longer employed here."

Some 40 days after return of the letter-notice to the Clerk of the Court, the Petition was heard as an uncontested divorce;[4] and a final decree of divorce was granted petitioner (and respondent) on November 20, 1978. While the decree recited that "evidence [had been] presented at the hearing [showing that] [j]urisdiction has been acquired over respondent pursuant to 13 *Del.C.* § 1508," the record is silent as to what showing, if any, was made to the Trial Judge by counsel for petitioner as to the Clerk's compliance with § 1508(d).

Respondent first learned of her divorce in March 1979 in connection with a domestic relations proceeding in Pennsylvania. After consulting with her Pennsylvania attorneys, respondent in September, 1979 moved, after obtaining Delaware counsel, to have the divorce decree set aside on grounds of (1) lack of jurisdiction over respondent; (2) failure of due process; and (3) interest of justice. Respondent stated that had she received due notice of the divorce proceedings, she would have contested the Petition, including petitioner's claim to have been domiciled in the State of Delaware for the required statutory period, and that she would have also sought ancillary relief, including interim support for herself, support for the child of their marriage, alimony, property division and attorney's fees. In the meantime, petitioner had, in June, 1979, remarried.

## II

While the Family Court refused respondent relief on all grounds, we limit ourselves to the jurisdictional question since we find it dispositive of the appeal.

The Trial Court concluded that since the Clerk of the Court had sent letter-notice by mail addressed to respondent at one of the addresses set forth in the Petition, the "literal requirements of the statute [had been] complied with and, therefore, jurisdiction was obtained." Noting that the statute did not require "actual receipt of the mail nor . . . actual notice of the proceeding," the Court construed § 1508(d) as contemplating no more than "constructive notice where actual notice is unlikely or impossible." In effect, the Court construed § 1508(d) as if it were a traditional "publication" statute—with emphasis placed upon the *giving* of constructive rather than the *receiving* of actual notice. Since letter-notice had been attempted and newspaper publication had been accomplished, the Court concluded that nothing further was required. We must disagree both with the Court's interpretation of § 1508(d) as a constructive notice statute[5] and with its finding that the statute was complied with by the letter-notice given respondent.

---

**2.** The Petition did not contain the averments required to "trigger" § 1508(b).

**3.** Who, in fact, was respondent's former employer.

**4.** Petitioner was represented but not by his counsel on appeal.

**5.** Except where petitioner avers (under oath) "that he knows of no address where it is most likely that mail will be received by respondent . . . . ."

### A.

We start with the legal precept (recognized by the Court below) that compliance with the requirements of a substituted service statute is essential to obtaining divorce jurisdiction over a non-resident respondent. In *L. v. L.*, Del.Supr., 305 A.2d 620 (1973), this Court stated:

"We note initially that the service by publication required by 13 Del.C. § 1526 is jurisdictional, and that failure to comply with the literal requirement of the statute defeats the acquisition of jurisdiction by the Superior Court. (Citations omitted)." (305 A.2d at 621)

At the time of *L. v. L., supra*, under 13 *Del.C.* § 1526 and § 1527 of the 1953 Revised Code of Delaware, notice by mail—in addition to newspaper advertisement—was only required "where practicable"; and the statutes were silent as to any specific form of notice. In 1972, when § 1526 was rewritten and redesignated as § 1512 and § 1527 was repealed by 58 *Del.Laws*, c. 349, notice by mail to a non-resident respondent was made mandatory, but the notice was still deemed to be encompassed within the concept of "service by publication," and § 1512 was so captioned.[6] Taking note of this in *L. v. L.*, this Court added:

"We take this opportunity to suggest a legislative review of the archaic practice of service by publication. Notice has always been fundamental to the concept of due process and publication has been the traditional method of supplying legal notice to divorce defendants residing outside the State. We have, however, serious doubts concerning the effectiveness of this method. As the United States Supreme Court has stated, 'service by

publication . . . is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings.'" *Boddie v. Connecticut* [401 U.S. 371 at 381] 91 S.Ct. 780 at 788, 28 L.Ed.2d 113 (1971). 305 A.2d at 622.

We interpret the enactment of 13 *Del.C.* § 1508 by 59 *Del.Laws*, c. 350, approved June 4, 1974, as legislative response to this Court's criticism in *L. v. L., supra*, of the then "publication" statute(s) and their reliance on constructive notice as a means of obtaining jurisdiction over a non-resident respondent. The provisions of § 1508 differ significantly from our prior "publication" statutes. Under 13 *Del.C.* § 1527 of the 1953 Revised Code, divorce jurisdiction could "be acquired by publication as provided in section 1526 [newspaper advertisement of the alias summons] . . . to be followed where practicable by service upon or notice to the defendant without this State . . . ." The statutes were silent as to any specific form of "notice" though provision for notice by mail was required by rule of court.[7]

In 1972, when § 1526 was rewritten and redesignated as § 1512 and § 1527 was repealed,[8] notice by mail as to a non-resident respondent was first made mandatory—though the notice[9] was still deemed to be encompassed within the concept of "service by publication," and § 1512 was so captioned. The 1972 legislation also imposed on the trial court the additional duty of making inquiry "on its own motion" at hearing as to "whether the facts support a finding that jurisdiction has been acquired over defendant in accordance with this title." 13 *Del.C.* § 1512(g).[10]

---

**6.** § 1512 had replaced § 1526 and § 1527 before the Court rendered its decision in *L. v. L.*

**7.** Superior Court Civil Rule 100 required ". . . every petition for divorce or annulment of marriage [to] state the place where it is most likely mail will be received by the defendant, or shall state that no such place can be ascertained with reasonable diligence. . . ."; and Rule 103 provided for the sending of letter notice by registered mail by the Prothonotary in every case where personal service is not made "to the defendant at his last known ad-

dress" and that the Prothonotary should "make appropriate entries upon the record showing compliance with this Rule."

**8.** By 58 *Del.Laws*, c. 349.

**9.** By certified or registered mail—addressed to defendant "at his last known address".

**10.** Section 1512(g) was repealed upon enactment in 1974 of the new Delaware Divorce and Annulment Act (59 *Del.Laws*, c. 350); but the

13 *Del.C.* § 1508, captioned, "Obtaining jurisdiction over respondent," stands in sharp contrast with these earlier "publication" statutes. Where service is to be made upon a nonresident respondent who has not been personally served with process, service is required to be made "by mailing and publication" except where the petitioner knows of no address "[where] it is most likely that mail will be received by respondent." Thus, 13 *Del.C.* § 1508(d) is no longer solely a "publication" statute—in the generic and traditional sense. Section 1508(d) requires service upon a respondent (not otherwise personally served) to be made both by mail and by publication, with the mailing to be in compliance with § 1508(d)(1) and the publication, as provided under § 1508(d)(2).

■ The concept that constructive notice may continue to serve as legal notice is no longer viable as to a divorce respondent having a known out-of-state mailing address. That this should be so seems particularly appropriate in view of the increasing mobility of parties and the relative ease with which a petitioner from out of state may establish subject matter jurisdiction within Delaware for the purpose of seeking a divorce through compliance with the requirements of 13 *Del.C.* § 1504(a). In other words, it seems not only appropriate but fair to require that a respondent who resides out of state be given notice of a petition for divorce by mail at the address where "it is most likely that mail will be received by [her]" where the petitioner may have established residence in Delaware with divorce in mind.

### B.

■ We think it is also clear that the service by mail that the Clerk of the Court made in this case did not comply with § 1508(d)(1); for the letter-notice was not

mailed by the Clerk "to the address that petitioner had averred it is most likely that mail will be received by respondent." The Petition contained no such averment, though it could be argued that its inclusion of respondent's "mailing address" represented compliance with the statute. However, the point is academic. Service by mail was sent to respondent at the place of her former employment; and such service clearly did not comply with § 1508(d)(1). As a result of this improper mailing, respondent did not receive notice of the divorce action instituted against her and was thereby deprived of the opportunity to appear and avail herself of the various remedies provided under 13 *Del.C.*, Chapter 15.

We find it difficult to understand how the Court below could have concluded from the evidence presented that it had acquired jurisdiction over respondent pursuant to 13 *Del.C.* § 1508, as the Final Decree entered in this action states. Had petitioner or the Court examined the sufficiency of the mailing of notice to respondent, it would seem obvious that respondent had not received notice and that notice had not been sent to respondent's "mailing address" as set forth in the Petition. Thus, the Clerk's error was clearly discoverable at the time of, if not before, the divorce hearing. And the error could have then been remedied by a re-mailing of the letter-notice before the hearing proceeded.

Further, the Clerk's erroneous mailing may have been due to petitioner's failure to comply with the precise pleading requirements of 13 *Del.C.* § 1507(b)(1) and (2). The Petition's inclusion of the name and address of respondent's employer was surplusage and not required under § 1507(b)(1) which only called for respondent's "occupation." And had the Petition averred, in the words of § 1507(b)(2), "[the] address where it [was] most likely that mail [would] be received by respondent," it would have been

Family Court has continued the requirement of proof before entry of a final decree of divorce of subject matter jurisdiction under 13 *Del.C.* § 1504 and jurisdiction over the person of re-

spondent under 13 *Del.C.* § 1508—as appears in the Final Decree of Divorce of the parties in the instant case.

clear what address should have been used to accomplish statutory notice by mail.

In summary, the unfortunate predicament which petitioner, by his remarriage, finds himself in could have been avoided, and the equities favor respondent. Petitioner was clearly in the better position to have discovered the Clerk's error and to have taken corrective action. Thus, jurisdiction aside, the equities favor respondent; and it was an abuse of discretion for the Trial Court not to have vacated its judgment.

Reversed.