**Beth J. ROBERTS,**[1] **Respondent Below, Appellant,**

v.

**Matthew ROBERTS, Petitioner Below, Appellee.**

No. 638, 2009.

Supreme Court of Delaware.

Submitted: April 20, 2011.
Decided: May 5, 2011.

---

1. The Court, sua sponte, has assigned pseudonyms to all parties pursuant to Supreme Court Rule 7(d).

Jennifer A. Hartnett, Esquire, of Hartnett & Hartnett, Hockessin, Delaware; for Appellant.

David C. Gagne, Esquire, of Woloshin Lynch Natalie & Gagne, P.A., Wilmington, Delaware; for Appellee.

Curtis P. Bounds, Esquire, of Bayard, P.A., Wilmington, Delaware; Amicus Curiae.

Before HOLLAND, BERGER and JACOBS, Justices.

JACOBS, Justice:

Beth J. Roberts ("Wife"), the respondent-below appellant, appeals from the Family Court's July 27, 2009 entry of divorce from petitioner-below appellee, Matthew Roberts ("Husband"). On appeal, Wife claims that the Family Court erred by concluding that Husband had completed the applicable Parent Education Program ("PEP"), as required by 13 *Del. C.* § 1507(h), because Husband should have been required to complete a PEP that had a domestic violence education course component. She further claims that the Family Court erred in holding that the PEP requirement of Section 1507(h) did not have to be satisfied before entry of the divorce decree. We find no error, and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties, who were married on August 12, 1989, have an adopted daughter who is presently 14 years old. On or about April 1, 2008, the parties separated. Cross Petitions for Protection from Abuse orders ("cross-consent PFAs") were entered by consent soon thereafter. The cross-consent PFAs directed that the parties have no contact from and after May 2008.

Husband initiated divorce proceedings on January 16, 2009. Although an earlier divorce decree had been entered on May 12, 2009, it was vacated one week later, because the Commissioner signed that decree without having considered Wife's timely-filed Answer and Counterclaim.[2]

Husband completed a basic Parent Education Program ("April 2009 PEP course"), and filed his Certificate of Completion of that program with the Family Court on May 5, 2009. That April 2009 PEP course did not include a domestic violence education course component. The Family Court docket discloses that as of December 11, 2009, Wife has not filed a Certificate of Completion of a PEP with the court.

On May 29, 2009, the Family Court notified the parties that the contested divorce hearing was scheduled for October 29, 2009. On June 3, 2009, Husband filed an Emergency Motion to Set Contested Divorce Hearing, claiming that Wife had "purposely perjured herself" by denying both the date of the parties' separation and the parties incompatibility "in an attempt to not have the divorce granted prior to August 12, 2009." That date was signifi-

---

**2.** Wife's answer and counterclaim had been filed 21 days after service of the initial divorce petition. But because the 20-day deadline fell on a Sunday, Wife's response was not untimely.

cant, because if the parties' divorce was finalized on or after August 12, 2009, the parties would have been legally married for 20 years. In those circumstances, Wife would be eligible for an unlimited period of alimony under 13 *Del. C.* § 1512(d).[3]

The Family Court granted Husband's emergency motion, and scheduled the contested divorce hearing before a Commissioner for June 27, 2009. At the June 27, 2009 Hearing, Wife argued that Husband failed to complete a domestic violence parenting course, and that therefore the divorce case could not proceed. Both Husband and Wife testified to have been mentally and/or physically "abused" by the other, and that the police had been called, even though no charges were ever filed. Both parties also testified that cross-consent PFAs had been filed against each other after the two separated.

After hearing the parties' testimony, the Commissioner found that Husband had demonstrated that the parties were incompatible and granted the divorce. As for Wife's specific claim that Husband should have been required to complete a PEP that included a domestic violence education course component, the Commissioner noted that the April 2009 PEP course Husband attended was taught by the same provider that the Family Court recommends for domestic violence education courses. It therefore was possible that the April 2009 PEP course Husband attended had included domestic violence education. The Commissioner found it unnecessary to address that point, however, having concluded that "the [Family] Court can, for other good cause shown, allow

[Husband's April 2009] parenting certificate to comply with the requirements [of Section 1507(h) ], and that's what I'm going to do in this matter."

The Commissioner entered a final order granting the divorce petition on July 27, 2009. Wife then moved for Family Court review of the Commissioner's order on August 11, 2009. On August 21, 2009, Husband filed his Certificate of Completion of a PEP which included a domestic violence education component.

On review of the Commissioner's order, the Family Court judge noted that 13 *Del. C.* § 1507(h) requires that a parent complete a PEP that has a domestic violence education course component only where the parent has a "demonstrable history of domestic violence."[4] The Court found it "questionable whether the cross Consent Protection From Abuse Orders in place between the parties evidence a 'demonstrable history of domestic violence.' "[5] Therefore, "it is unclear whether [Husband] was under the obligation to attend a domestic violence course pursuant to [Section 1507(h) ]."[6] The Court noted that it need not decide that issue, because Husband had cured "the procedural defect" by completing a PEP which included a domestic violence education course component in August 2009.[7] Accordingly, the Family Court affirmed the Commissioner's order.

Wife appeals from those rulings. After briefs were filed, this Court directed the parties to file supplemental memoranda quantifying the extent of damages Wife claims to have suffered as a result of the

---

**3.** 13 *Del. C.* § 1512(d) (providing that "[a] person shall be eligible for alimony for a period not to exceed 50% of the term of the marriage with the exception that if a party is married for 20 years or longer, there shall be no time limit as to his or her eligibility. . . .").

**4.** *See* 13 *Del. C.* § 1507(h).

**5.** Order at 4 (Fam.Ct. Oct. 1, 2009).

**6.** *Id.*

**7.** *Id.*

Family Court's July 27, 2009 order granting the divorce. In her supplemental memorandum, Wife argues that she was damaged in the amount of $219,000, plus the value of 18 additional years of alimony after Husband retires from his current job. Husband disputes Wife's damages calculation and its duration, arguing that Wife falls within the group of women who, statistically speaking, are most likely to remarry.

Following supplemental briefing, this Court appointed Curtis P. Bounds, Esquire, as an *amicus curiae* to present the Family Law Section's position on the question of whether a PEP, required by 13 *Del. C.* § 1507(h), is a condition precedent to the issuance of a divorce decree by the Family Court.[8] The *amicus* takes the position that the statutory requirements of Section 1507(h) are neither a condition precedent nor a substantive limitation to obtaining a divorce decree. Rather (the *amicus* argues), the General Assembly left it to the Family Court to enforce the requirements of Section 1507(h) through its Rules. The Family Court has taken a "procedural and practical approach" to enforcing Section 1507(h). That is, the Family Court does not require that *both* parties submit PEP completion certificates before issuing a Notice of Trial Readiness. Once the petitioner has filed his or her PEP completion certificate, the Notice is issued, and the Family Court does not wait for the respondent to submit his or her PEP completion certificate.

Neither party filed a response to the *amicus curiae's* brief.[9]

## ANALYSIS

On appeal, Wife claims that the Family Court erred for two reasons. First, she argues that the Family Court erroneously concluded that Husband had completed the applicable PEP, as 13 *Del. C.* § 1507(h) requires, because Husband should have been required to complete a PEP that had a domestic violence education course component. Second, she contends that the Family Court erred by holding that the PEP requirement of Section 1507(h) was an optional (rather than mandatory) requirement that did not have to be satisfied before entry of a final divorce decree. We address those claims in that sequence.

■■■ On appeal from an order of the Family Court, this Court's standard and scope of review extends to a review of the law and the facts, including the inferences and deductions made by the trial judge.[10] Questions of law are reviewed *de novo*.[11] Where the trial court has correctly applied the law, we review only for an abuse of discretion.[12] We will not, however, disturb findings of fact unless those findings are "clearly wrong."[13] Nor will we substitute our own opinion for the inferences and deductions made by the trial court where those inferences are supported by the rec-

8. The Court thanks Mr. Bounds for his exemplary *pro bono* service as an *amicus curiae*. It is in accordance with the highest traditions of the Bar of this Court.

9. Counsel for Wife indicated that Wife would not file a response to the *amicus curiae's* brief because Wife could not afford to have counsel do so. Husband, who had previously been proceeding *pro se*, obtained counsel after this Court appointed the *amicus*, but before the *amicus* filed its brief.

10. *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983).

11. *Forrester v. Forrester*, 953 A.2d 175, 179 (Del.2008).

12. *Jones v. Lang*, 591 A.2d 185, 186 (Del. 1991).

13. *Forrester*, 953 A.2d at 179.

ord and are the product of an orderly and logical reasoning process.[14]

## I.    13 Del. C. § 1507(h)

Section 1507(h) relevantly provides that: [i]n any case where there are living children of the marriage up to the age of 17, the Court shall order that the parties pay for and participate in a "Parenting Education Course" unless the Court, upon motion, determines that participation in the course is deemed not necessary. The "Parenting Education Course" shall be a course which is certified by the Department of Services for Children, Youth and Their Families to meet the goal of educating divorce litigants on the impact on children of the restructuring of families. The course . . . [must] provide instruction regarding the following items:

> (1) Information on the developmental stages of children;
> (2) Adjustment of children to parental separation;
> (3) Dispute resolution and conflict management;
> (4) Guidelines for visitation;
> (5) Stress reduction in children; and
> (6) Cooperative parenting.

A litigant who has a demonstrable history of domestic violence shall be ordered to participate in a separate and more intensive course which shall include, at a minimum, the topics required in paragraphs (h)(1) through (6) of this section and education regarding domestic violence, its prevention and its effect upon children.[15]

Section 1507(h) was first codified by the General Assembly in 1996.[16] There have been no further amendments to that provision.

## II.   Did Husband Have A "Demonstrable History Of Domestic Violence?" Within The Meaning Of 13 Del. C. § 1507(h)?

■  Section 1507(h) requires that the Family Court order a party to complete a PEP that includes a domestic violence education course component only where that party "has a demonstrable history of domestic violence."[17] Husband was never found to have a demonstrable history of domestic violence. Wife argues that the Family Court should have found that Husband had such a history. We determine that the Family Court did not err in concluding otherwise.

The June 27, 2009 Contested Hearing transcript discloses that Wife gave inconsistent testimony regarding the scope of the cross-consent PFAs and the parties' interactions after their May 2008 separation. Although both Husband and Wife testified that each felt the other had been verbally and/or physically abusive, that testimony was presented for the limited purpose of demonstrating that the marriage had been "irretrievably broken" based on "separation caused by incompatibility."[18] Wife testified that she had twice called the police to the house because Husband had allegedly physically abused her, but no charges were filed or arrests ever made. Wife did not introduce any corroborative evidence, such as a police incident

14.   *Jones,* 591 A.2d at 187.

15.   13 *Del. C.* § 1507(h).

16.   *See* S.B. 288, 138th Gen. Assemb. (Del. 1996).

17.   13 *Del. C.* § 1507(h).

18.   *See* 13 *Del. C.* § 1505(b) (listing "[s]eparation caused by incompatibility" as one of four ways a marriage can be shown to be "irretrievably broken").

report, to document her claims of alleged abuse. Therefore, the only objective evidence that the Family Court could rely upon were the cross-consent PFAs, which had been entered with no judicial finding of abuse. Indeed, the Family Court questioned whether those cross-consent PFAs alone would be sufficient evidence of a "demonstrable history of domestic violence."

On this record, the Family Court's refusal to find that Husband had a demonstrable history of domestic violence was not "clearly erroneous." Accordingly, Husband had no obligation to attend a PEP that had a domestic violence education course component. His successful completion of the April 2009 PEP course satisfied the requirements of Section 1507(h).

### III. Was Completion Of The PEP A Condition Precedent To Entry Of The Divorce Decree?

■ The Family Court also concluded that even if Husband was required to attend a PEP that included a domestic violence education course component, Husband had "cured" that procedural defect by completing that program in August 2009, after the divorce decree had been entered. Wife claims that that alternative ruling was also erroneous. She argues that because 13 Del. C. § 1507(h) mandates that "a litigant who has a demonstrable history of domestic violence *shall* be ordered to participate in a [PEP that has a domestic violence education course component]," [19] the Family Court could not waive the PEP requirement before entering the divorce decree. In essence, Wife argues, the completion of a PEP is a condition precedent to the entry of a divorce decree.

This claim also cannot succeed. As explained above, Husband was not obligated to attend a PEP that had a domestic violence education course component. Therefore, his completion of the April 2009 PEP course, which occurred before the contested Divorce Hearing was scheduled, satisfied the requirements of Section 1507(h).

But even if Husband was required to attend a PEP with a domestic violence education course component, the Family Court did not err by proceeding with the June 27, 2009 contested divorce hearing and entering the final divorce decree before Husband completed that PEP. As explained below, the Delaware Code does not require a party to complete the applicable PEP before the Family Court may enter a final divorce decree. Nor do the Rules and procedures of the Family Court make completing a PEP a substantive limitation to that court's power to enter a final divorce decree.

#### A. The Delaware Code

There is no statutory requirement that Husband complete a PEP with a domestic violence education course component and file a Certification of Completion of that PEP before the Family Court may enter a final divorce decree. 13 Del. C. § 1517(c) sets forth six conditions precedent to the Family Court's entry of a divorce decree. They are:

(1) The averments of the [divorce] petition satisfy § 1504(a), § 1505 or § 1506, and § 1507 of [title 13];

(2) Jurisdiction has been acquired over respondent under § 1508 of [title 13];

(3) In uncontested cases, whether the time for respondent to file a responsive pleading has expired;

(4) The parties to a divorce proceeding have continued to be separated since the

19. 13 Del. C. § 1507(h) (emphasis added).

commencement of this action, except as § 1505(e) of [title 13] may apply;

(5) A certified copy of the parties' marriage record has been filed; and

(6) The affidavit of nonmilitary service, wherever required by federal statute, has been filed.[20]

Out of those six conditions, only one is applicable to this case-subsection (1): whether Husband's averments satisfied 13 *Del. C.* § 1507. Section 1507 has eight subsections, enumerated (a) through (h).[21] Subsection (a) instructs how a petition for divorce or annulment should be captioned. Subsection (b) states that "[t]he petition shall be verified by petitioner and shall set forth" details regarding the age, occupation, and residence of each party, the date of the marriage, the date which the parties separated, an allegation that the marriage is irretrievably broken, any other relevant facts, and the relief sought. Subsections (c) through (e) instruct the petitioner on where and how to file the petition with the Family Court, and subsection (f) further explains the type of relief the petitioner may seek. Subsection (g) requires that the petitioner submit an affidavit showing that the petitioner has read or been advised of his or her child's rights to parental contact. Finally, subsection (h) provides that the Family Court must order the parties to complete a PEP where the parties have children under the age of 17.

Subsection (h) does not require that Husband aver in his divorce petition that he has satisfied the applicable PEP requirement.[22] All subsection (h) does require is that the Family Court "shall order" the parties to complete a PEP, but it does not specify when the PEP must be completed.[23] Importantly, subsection (h) also provides that the Family Court may waive the PEP requirement where "participation in the course is deemed not necessary."[24]

Thus, to satisfy the averment requirement of 13 *Del. C.* § 1517(c), as it applies to Section 1507, Husband need only: (i) properly caption his divorce petition according to Section 1507(a); (ii) aver the facts required by Section 1507(b); (iii) properly file his divorce petition in accordance with Sections 1507(c) through (e); and (iv) include in his divorce petition the affidavit required by Section 1507(g). Because Section 1517(c) sets forth the conditions that must be satisfied before entry of a divorce decree, and because Section 1507(h) is not one of those conditions, the PEP requirement is not a condition precedent to the entry of a divorce decree.

## B. The Family Court Rules and Procedures

Nor do the Family Court Rules and procedures make the completion of a PEP a substantive bar to scheduling a divorce hearing and entering a divorce decree, for two reasons. *First*, Family Court Rule of Civil Procedure 104.1(d) provides that an *uncontested* divorce "is deemed trial ready once any applicable period of separation has passed, the Respondent has been served, and the applicable Parent Education requirements have been satis-

---

**20.** 13 *Del. C.* § 1517(c).

**21.** The full text of 13 *Del. C.* § 1507 is reproduced in Appendix A.

**22.** *Compare* 13 *Del. C.* § 1507(h) *with* 13 *Del. C.* § 1507(g) (requiring an affidavit of children's rights to be filed with the divorce petition).

**23.** *See* 13 *Del. C.* § 1507(h).

**24.** *Id.* An example of a situation where completion of a PEP may not be necessary is if one party did not wish to seek custody or visitation rights to the minor children, then that party would not need to complete a PEP.

fied...."[25] There is no PEP completion requirement, however, for a *contested* divorce, which this case was. Rule 104.1(a) provides only that a "contested divorce ... shall be heard by the Court at a time convenient for the Court and the parties."[26]

*Second*, the Family Court's procedures treat the completion of a PEP as a procedural, not a substantive, requirement. Although both parties must complete the requisite PEP under Section 1507(h), the Family Court does not require that both parties file their Certificates of Completion before proceeding with the divorce. In practice, the Family Court requires only that the party who filed the initial divorce petition comply with the PEP requirement before the court will schedule a hearing and issue a divorce decree.[27]

*S H v. J H* illustrates the Family Court practice.[28] In that case, the Family Court had already entered the final divorce decree and issued its decision on ancillary property division matters.[29] The Family Court then scheduled a custody hearing on the petitioner's claim for custody of the minor children.[30] On the first day of the custody trial, the respondent sought leave to supplement the record "to allow him to take the [requisite] parent education course...."[31] Thus, at the time the Family Court had entered the divorce decree, the respondent had not yet completed the required PEP. Even so, the Family Court proceeded to enter the divorce decree, and permitted the respondent to supplement the record after entry of that decree.

The Family Court's approach to scheduling custody hearings evidences a similar practice. Family Court Rule of Civil Procedure 16.2, which applies to custody and visitation proceedings, provides that "[t]he petitioner shall submit an original copy of the certificate of completion for the petitioner prior to the scheduling of a final custody or visitation proceeding before a judge or commissioner."[32] Although Rule 16.2 states that a custody or visitation hearing will not be scheduled until the requisite PEP completion certificate is filed, several decisions illustrate the Family Court's willingness to allow parties to comply with the Rule after the hearing is scheduled.[33] Thus, under the Family

25. Fam. Ct. R. Civ. Pro. 104.1(d).

26. Fam. Ct. R. Civ. Pro. 104.1(a).

27. That appears to be what occurred here. A review of the Family Court docket shows that as of December 11, 2009, Wife has not filed a Certificate of Completion of a PEP with the court. Thus, it seems that Wife has yet to comply with the requirements of Section 1507(h).

28. *S H v. J H*, 2006 WL 2389267 (Del.Fam.Ct. May 18, 2006).

29. *Id.* at *1. The Family Court may decide ancillary property matters only after entry of the divorce decree. *See Villarroel v. Villarroel*, 562 A.2d 1180, 1183 (Del.1989) (Family Court's jurisdiction is ancillary to a divorce proceeding).

30. *S H*, 2006 WL 2389267, at *1.

31. *Id.* Although respondent sought to complete the parent education course required under Family Court Rule of Civil Procedure 16.2, that is the same parent education course required by 13 *Del. C.* § 1507(h). That is, a party need only complete one parent education course, which will satisfy both Rule 16.2 and Section 1507(h).

32. Fam. Ct. R. Civ. Pro. 16.2(a)(3).

33. *See, e.g., T.M. v. D.V.*, 2007 WL 3197750 (Del.Fam.Ct. Oct. 30, 2007) (consolidating the parties' cross-custody petitions, even though one party had not yet taken the requisite parent education course); *R K v. P A. C*, 2005 WL 4025391 (Del.Fam.Ct. Aug. 25, 2005) (conducting a custody petition hearing, despite petitioner not having completed the parent education course); *M C. v. J L. B*, 2004 WL 2334386 (Del.Fam.Ct. June 1, 2004) (holding a custody hearing on the merits

Court Rules and procedures, the PEP completion is a procedural requirement, but not a substantive bar, to the scheduling of a divorce hearing and entry of a divorce decree.

### CONCLUSION

In short, the Family Court did not err by entering the final divorce decree on July 27, 2009. Because that court never found that Husband was required to attend a PEP that had a domestic violence education course component, Husband's earlier completion of the April 2009 PEP course satisfied the requirements of 13 *Del. C.* § 507(h). Even if Husband was required to complete a PEP which included a domestic violence education course component, completion of that PEP was not a condition precedent to the Family Court's entry of the divorce decree. Therefore, the judgment of the Family Court is affirmed.

### *Appendix A*

13 *Del. C.* § 1507–Petition for divorce or annulment.

(a) A petition for divorce or annulment of marriage shall be captioned:

    In re the Marriage of

    ........................,

    Petitioner,

    AND No. ......................,
    20...

    ........................,

    Respondent.

(b) The petition shall be verified by petitioner and shall set forth:

    (1) The age, occupation and residence (including county in Delaware) of each party and length of residence in the State, showing compliance with the ju-

without petitioner having first attended the

risdictional requirements of subsection (a) of § 1504 of this title;

(1) Address where it is most likely that mail will be received by respondent, or that no such address can be ascertained with reasonable diligence;

(3) Under proper circumstances, that it is unlikely that jurisdiction can be acquired over respondent other than by mailing or publication of notice as provided in § 1508 of this title;

(4) If respondent is a foreign national or has resided in a foreign country within 2 years prior to the filing of the petition, the address of a representative (preferably the nearest) of such foreign country in the United States;

(5) The date of the marriage and the place at which it was registered;

(6) The date on which the parties separated;

(7) The names, ages and addresses of all living children of the marriage and whether the wife is pregnant;

(8) Whether there have been any prior matrimonial proceedings between the parties and, if so, the date, name and place of the court, and the disposition of the same;

(9) An allegation that the marriage is irretrievably broken and how it is characterized; or if the petition is for annulment, averment of the applicable circumstances specified in subsection (a) of § 1506 of this title and that the petition has been filed within the applicable time limit recited in subsection (b) of § 1506 of this title;

(10) Any other relevant facts;

(11) Relief prayed for.

(c) The petition shall be filed either in the county wherein petitioner resides or the county wherein respondent resides.

parent education course).

(d) The petition shall be filed with the Clerk of the Court, along with such deposit to cover costs as the Court may fix, and a praecipe instructing the Clerk how service is to be made or jurisdiction otherwise sought or acquired over respondent.

(e) A petition for divorce may be filed at any time following the separation of the parties if the requirements of § 1504(a) of this title have been satisfied although no ruling shall be made to determine whether to grant a divorce until after the parties have been separated for 6 months; provided, however, that relief under § 1509 of this title shall be available to the parties during the interim.

(f) The relief prayed for under paragraph (b)(11) of this section may include, where appropriate under the facts and law, in addition to a prayer for a decree of divorce or annulment, prayers for other relief that may be available under this chapter, including, without limitation, prayers for interim relief (§ 1509 of this title), alimony (§ 1512 of this title), property disposition (§ 1513 of this title), resumption of prior name (§ 1514 of this title), and costs and attorneys' fees (§ 1515 of this title).

(g) In any case where there are living children of the marriage, the petitioner shall submit with the petition an affidavit signed by the petitioner showing that the petitioner has read or has been advised of the following children's rights, which shall be set forth in full in said affidavit:

(1) The right to a continuing relationship with both parents.

(2) The right to be treated as an important human being, with unique feelings, ideas and desires.

(3) The right to continuing care and guidance from both parents.

(4) The right to know and appreciate what is good in each parent without 1 parent degrading the other.

(5) The right to express love, affection and respect for each parent without having to stifle that love because of fear of disapproval by the other parent.

(6) The right to know that the parents' decision to divorce was not the responsibility of the child.

(7) The right not to be a source of argument between the parents.

(8) The right to honest answers to questions about the changing family relationships.

(9) The right to be able to experience regular and consistent contact with both parents and the right to know the reason for any cancellation of time or change of plans.

(10) The right to have a relaxed, secure relationship with both parents without being placed in a position to manipulate one parent against the other.

(h) In any case where there are living children of the marriage up to the age of 17, the Court shall order that the parties pay for and participate in a "Parenting Education Course" unless the Court, upon motion, determines that participation in the course is deemed not necessary. The "Parenting Education Course" shall be a course which is certified by the Department of Services for Children, Youth and Their Families to meet the goal of educating divorce litigants on the impact on children of the restructuring of families. The course, in order to be certified by the Department of Services for Children, Youth and Their Families, shall consist of at least 4 hours of instruction and at a minimum provide instruction regarding the following items:

(1) Information on the developmental stages of children;

(2) Adjustment of children to parental separation;

(3) Dispute resolution and conflict management;

(4) Guidelines for visitation;

(5) Stress reduction in children; and

(6) Cooperative parenting.

A litigant who has a demonstrable history of domestic violence shall be ordered to participate in a separate and more intensive course which shall include, at a minimum, the topics required in paragraphs (h)(1) through (6) of this section and education regarding domestic violence, its prevention and its effect upon children.

Parties do not have to attend the same course.