**Amanda S. VILLARROEL, Petitioner Below, Appellant,**

v.

**Miguel V. VILLARROEL, Respondent Below, Appellee.**

Supreme Court of Delaware.

Submitted: May 16, 1989.
Decided: July 17, 1989.

Joseph D. Kulesza, Jr. of Joseph W. Benson, P.A., Wilmington, for petitioner below, appellant.

Arlen Mekler, Wilmington, for respondent below, appellee.

Before CHRISTIE, C.J., WALSH and HOLLAND, JJ.

HOLLAND, Justice:

This is an appeal from a decision of the Family Court dismissing the request of the petitioner-appellant, Amanda S. Villarroel ("Wife") to equitably divide the parties' marital property. Wife and respondent-appellee, Miguel V. Villarroel ("Husband") were divorced pursuant to a decree that was entered in the State of California. The Family Court held that it did not have subject matter jurisdiction to divide marital property in a proceeding that would be ancillary to a foreign divorce decree. We

find that the Family Court's decision was correct.

*Facts*

The parties were married on May 6, 1950, in the City of Heidelberg, Germany. They began to reside in Dover, Delaware, in 1963. The parties purchased a marital residence in Dover, Delaware, in 1969. Thereafter, the parties, and their three children, continued to reside in Dover until approximately January 1, 1980, when the parties separated. The parties have retained joint ownership of the former marital residence located in Dover, Delaware.

Wife is a resident of California. Husband is a resident of Chile. In 1987, Wife filed a petition for divorce in California. The parties were divorced pursuant to a judgment issued January 9, 1988, by the Superior Court of Solano County, California.[1] When the California Court entered its decree divorcing the Husband and Wife, it reserved jurisdiction over all ancillary matters, at the request of the Wife. However, the California Court did not divide the parties' marital assets because it did not have personal jurisdiction over the Husband.

On April 18, 1988, the Wife filed a "Petition for Disposition of Ancillary Matters" in the Family Court of the State of Delaware, in and for New Castle County. Wife brought the petition for ancillary relief in Delaware on the premise that Delaware was the only state capable of exercising personal jurisdiction over Husband. Husband, through his attorney, filed a motion to dismiss the Wife's petition on jurisdictional grounds.

Husband argued that the Family Court lacked personal jurisdiction over the Husband. However, the Family Court held that it did not have subject matter jurisdiction. Accordingly, it did not reach the is-

---

1. On or about April 26, 1985, a decree of divorce was entered in favor of the Husband, in the 8th Judicial District Court of the State of Nevada, in and for the County of Clark. Subsequently, on or about May 1, 1986, an order was entered by the same Court setting aside the State of Nevada divorce decree, upon a motion filed by Wife.

On or about July 22, 1986, Wife filed a Petition for Divorce in the Family Court of the State of Delaware. Wife's divorce petition was subsequently dismissed pursuant to a stipulation of dismissal. That stipulation was filed with the Family Court and entered as an order on June 16, 1987.

sue of personal jurisdiction over the Husband.

### Division of Marital Property/Subject Matter Jurisdiction

▉ A man and woman who marry "create complex legal and equitable property relations between themselves. When a marriage is ended by divorce, this complex of interests in marital property must be sorted out and the respective rights of the spouses finally settled." *In re Wife, K.,* Del.Ch., 297 A.2d 424, 427 (1972).[2] At the present time, that authority is vested in the Family Court.[3]

In this case, the Wife argues that the Family Court has subject matter jurisdiction to divide the parties marital assets separate and apart from a Delaware divorce proceeding. In support of her position, the Wife relies upon *Coleman v. Coleman,* 361 Pa.Super. 446, 522 A.2d 1115 (1987). *Coleman* held that the jurisdictional breadth given to the Pennsylvania courts under its Divorce Code permitted the resolution of economic issues incident to a foreign divorce decree. *Id.* 522 A.2d at 1118–19. Similarly, Delaware courts may only act in divorce matters pursuant to a specific statutory provision. *Beres v. Beres,* Del. Super., 154 A.2d 384 (1959). Del. Const. art. II, § 18. Therefore, we are called upon to examine the Delaware divorce statutes.

The parameters of the Family Court's subject matter jurisdiction in divorce actions are found in Chapter 15 of Title 13 of the Delaware Code.[4] Section 1505 sets forth the grounds upon which a divorce may be granted. Section 1513 provides for ancillary relief in the form of a division of the marital property "[i]n a proceeding … upon the request of either party." 13 *Del.C.* § 1513(a) (Supp.1988). Section 1518(c) further provides:

In the decree granting or denying a petition for divorce or annulment, or by separate order or orders preceding or following such decree, the Court shall dispose of all other prayers for relief, where appropriate under the facts and law; *but an application for such relief* and a hearing thereon *must be presented in the petition* or response, or by motion after notice to the other party prior to the entry or denial of such decree.

13 *Del.C.* § 1518(c) (emphasis added).[5]

In a recent case, this Court was also required to examine the subject matter jurisdiction of the Family Court to divide marital property. *Sherway v. Sherway,* Del. Supr., 560 A.2d 1028 (1989). In *Sherway,* as in this case, it was argued that ancillary claims for property distribution are separate causes of action. In addressing that argument, this Court concluded that the Family Court did not lose jurisdiction to decide pending *ancillary matters* "after the granting of a final decree of divorce, in order to protect property interests which were created ancillary to the divorce." *Id.* at 1035. However, that conclusion was not based upon the independence of the cause of action. This Court specifically held that a "division of marital property can take

---

**2.** One of the avowed purposes of the Delaware divorce statute is to "mitigate the potential harm to spouses … caused by the process of legal dissolution of marriage." 13 *Del.C.* § 1502(2). This Court has recognized that "[t]he major statutory vehicle by which that purpose is to be accomplished is [Section] 1513, which vests broad power in the Family Court to 'equitably divide … the marital property.'" *J.D.P. v. F.J.H.,* Del.Supr., 399 A.2d 207, 210 (1979). *Cf. M. v. M.,* Del.Supr., 321 A.2d 115, 118–19 (1974).

**3.** Section 1504(a) of Title 13 of the Delaware Code provides in relevant part:

The Family Court of the State has jurisdiction over all actions for divorce and annulment of marriage where either petitioner or respondent, at the time the action was commenced, actually resided in this State … continuously for 6 or more months immediately preceding the commencement of the action.

13 *Del.C.* § 1504(a).

**4.** The Family Court is a statutory court of limited jurisdiction. *M.T.L. v. T.P.L.,* Del.Supr., 414 A.2d 510, 511 (1980). It is created by and derives its authority solely from statute.

**5.** In *Wife B. v. Husband B.,* Del.Supr., 395 A.2d 358, 360 (1978), this Court held that Section 1518 was a procedural and not a jurisdictional statute; and that its purpose is simply to give "fair notice" to this Court as well as all parties of what relief will be requested in the proceeding incidental to the divorce hearing.

place *only* in the context of the granting of a divorce." *Id.* at 1036. (emphasis added).

Although the Family Court has succeeded to certain of the equitable powers of the Court of Chancery, that authority may be exercised only in aid of, or to implement, its statutory authority. *Child Support Enforcement v. Smallwood,* Del.Supr., 526 A.2d 1353, 1356 (1987). Thus, the Family Court's equitable authority to allocate the parties' property interests, ... is limited to the grant of ancillary relief incident to a divorce proceeding.

*Id.* at 1037.

Under the Delaware statutory scheme, a condition precedent to the Family Court's jurisdiction to equitably divide the parties' marital property is the existence of a Delaware divorce proceeding. Consequently, the subject matter jurisdiction of the Family Court is not as broad as its Pennsylvania counterpart. Moreover, efforts to expand the subject matter jurisdiction of the Family Court in this area have been either unsuccessful[6] or carefully circumscribed.[7]

Section 1513 does not confer jurisdiction upon the Family Court over separate and independent causes of action to divide marital property. *See Gilbert v. Gilbert,* Del. Supr., 185 A.2d 73, 75 (1962). Section 1513 specifically empowers the Family Court to equitably divide marital property only "in a proceeding for a divorce." *See Rickards v. Rickards,* Del.Supr., 166 A.2d 425, 428 (1960). Therefore, the subject matter juris-

diction conferred upon the Family Court by virtue of Section 1513 can only be exercised "within the context of the divorce proceeding to which it is an incident." *In re Wife, K.,* Del.Ch., 297 A.2d 424, 427 (1972); *See Sherway v. Sherway,* 560 A.2d at 1036.

In this case, the Family Court lacked the "statutory predicate upon which to fashion further relief." *Sherway v. Sherway,* 560 A.2d at 1037. Section 1513 is a statutory grant of power to the Family Court in aid of its jurisdiction "in a divorce proceeding" commenced pursuant to 13 *Del.C.* § 1504. *Cf. Gilbert v. Gilbert,* 185 A.2d at 75. The right of a party to petition for a division of marital property, is not an assertion of an independent cause of action, "but is a prayer that the [Family] [C]ourt, in its discretion, exercise one of its incidental powers possessed solely by reason of its jurisdiction over the matrimonial cause." *Id.* The Family Court properly denied the Wife's petition for ancillary relief in the form of a property division, when it was incident to a foreign divorce decree.

### *Division of Marital Property/Personal Jurisdiction*

The Family Court did not address the contentions of the parties with respect to its ability to exercise personal jurisdiction over the Husband. However, we are cognizant of the desirability, *when possible,* of dissolving a marriage and resolving the parties' property rights in a single proceeding. *Wife W. v. Husband W.,* Del.Super., 307 A.2d 812, 814 (1973), *aff'd,* Del.

---

6. In 1988, the Governor of Delaware vetoed legislation which would have expanded the jurisdiction of the Family Court to include hearing "[p]etitions by persons formerly married to each other seeking an interest in or disposition of specific property, real or personal, acquired during or in contemplation of marriage where such property was not disposed of (a) by agreement of the parties, or (b) by virtue of ancillary proceedings pursuant to 13 *Del.C.* § 1513, and relief is not otherwise available." The legislation included "a rebuttable presumption that the property should be divided equally and the disposition shall be effected without regards to the provisions of 13 *Del.C.* § 1513." Del.S.B. 215, 134th Gen. Assemb., (1987) (vetoed May 13, 1988).

7. On July 11, 1989, the Governor of Delaware signed into law legislation extending the juris-

diction of the Family Court to hear "[petitions by persons formerly married to each other seeking an interest in or disposition of *jointly titled real property,* acquired during their marriage where such property was not disposed of (a) by agreement of the parties, or (b) by virtue of ancillary proceedings pursuant to 13 *Del.C.* § 1513. In dividing said property the Family Court shall apply equitable principles unless there is a written agreement signed by the parties regarding the disposition of said property. Unless there is a written agreement signed by the parties the Family Court shall not consider the factors enumerated in 13 *Del.C.* § 1513. This subsection shall apply to all actions filed after its effective date." Del.S.B. 106, 135th Gen. Assemb. (1989) (emphasis added).

Supr., 327 A.2d 754 (1974). Therefore, we note that even when the Family Court has subject matter jurisdiction to divide marital property, incident to a Delaware divorce proceeding, it does not follow *ipso facto* that the Family Court has the ability to divide the parties marital property. *Cottone v. Cottone*, Del.Fam., 547 A.2d 625 (1988). Before the Family Court can properly exercise its ancillary subject matter jurisdiction in a Delaware divorce proceeding, the requirements of due process which are necessary for it to exercise *in personam* jurisdiction over the respondent must also have been satisfied. *Id.* at 628–29.

### Conclusion

The Family Court only has subject matter jurisdiction to equitably divide marital property incident to a Delaware divorce proceeding. The Wife's petition for ancillary relief incident to a foreign divorce decree was properly denied. The judgment of the Family Court is AFFIRMED.