**Hanley SANDERS, Respondent Below, Appellant,**

v.

**Gretchen Ann SANDERS, Petitioner Below, Appellee.**

Supreme Court of Delaware.

Submitted Nov. 9, 1988.

Decided March 2, 1990.

Grover C. Brown (argued), and Barbara D. Crowell of Morris, James, Hitchens & Williams, Wilmington, for appellant.

Gerald Z. Berkowitz (argued), and Alene S. Berkowitz of Berkowitz, Greenstein, Schagrin & Coonin, P.A., Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY, MOORE, WALSH and HOLLAND, JJ. (constituting the Court en banc).

MOORE, Justice.

We accepted this interlocutory appeal to consider whether the Family Court has jurisdiction to hear a petition to rescind a property division agreement not merged into a divorce decree. Hanley Sanders ("husband") appeals an order of the Family Court denying his motion to dismiss the petition of his former wife, Gretchen Ann Sanders ("wife"). The wife sought to rescind a property division agreement executed by the parties in 1984, before their uncontested divorce became final. The husband contends that the Family Court lacks subject matter jurisdiction over an independent action for contractual rescission and ancillary relief pursuant to 13 *Del.C.* Ch. 15, when it is not part of divorce or annulment proceedings, and follows the parties' divorce. We agree. To the extent *Robert O. v. Ecmel A.*, Del.Supr., 460 A.2d 1321 (1983), is in conflict with this ruling, it is overruled. Accordingly, we reverse.

## I.

The husband and wife executed a separation agreement on September 15, 1982 ("the original agreement") prior to their divorce. It provided for an amicable division of their marital property and for the custody and support of their two minor children. Under its terms, the wife was to receive monthly payments from the husband over a twenty year period to compensate her for interests in certain businesses owned jointly or individually by them. The original agreement additionally provided that these payments discharged the husband's obligation to pay alimony and any other claims by the wife against him. By its terms the original agreement survived and was not merged into any subsequent divorce decree. On March 31, 1984, the parties rescinded the original agreement and executed a second separation agreement ("the revised agreement") which was substantively identical to the original agreement except for financial modifica-

tions required by changes in the parties' circumstances. As in the original agreement, the parties stipulated that the revised agreement would survive independently of any prospective divorce decree.

The wife filed for divorce in the Family Court on April 11, 1984. Neither party sought any ancillary relief. A final decree of divorce was entered on June 7, 1984. That decree neither reserved jurisdiction in the Family Court, nor referred in any way to the revised agreement.

On December 11, 1985, approximately eighteen months after their divorce, the wife filed the present action in the Family Court seeking rescission of the revised agreement, equitable redivision of the parties' marital property, and payment of alimony upon rescission of the revised agreement. The husband moved to dismiss the wife's petition on the ground that the Family Court lacked subject matter jurisdiction. He claimed that the Court of Chancery had exclusive original jurisdiction over equitable actions to rescind a contract, and that the power of the Family Court to divide marital property was statutorily limited under 13 *Del.C.* § 1513 (1981) to "a proceeding for divorce or annulment."

The trial judge asked counsel to address the effect of the decision in *Ecmel A. v. Robert O.*, Del.Fam., 451 A.2d 1170 (1982), *aff'd*, Del.Supr., 460 A.2d 1321 (1983). Following the submission of letter memoranda by counsel, the trial judge denied the husband's motion to dismiss the wife's complaint. He concluded that *Ecmel* had implicitly "foreclosed [the Family Court] from taking a contrary position in a subsequent proceeding based upon similar facts," even though we had not addressed the issue there.

## II.

■■■ On a question of subject matter jurisdiction, our standard of review is whether the trial court correctly formulated and applied legal precepts. *Rohner v. Niemann*, Del.Supr., 380 A.2d 549, 552–53 (1977). Our scope of review is de novo. *Fiduciary Trust Co. v. Fiduciary Trust Co.*, Del.Supr., 445 A.2d 927, 936 (1982);

*Wife (J.F.V.) v. Husband (O.W.V., Jr.),* Del.Supr., 402 A.2d 1202, 1204 (1979).

The Court of Chancery has jurisdiction over the equitable remedies of rescission and cancellation of contracts in Delaware. *Hutchinson v. Fish Eng'g Corp.,* Del.Ch., 153 A.2d 594 (1959), *appeal dismissed,* Del. Supr., 162 A.2d 722 (1960). This includes marital separation agreements. *Astle v. Wenke,* Del.Super., 297 A.2d 45 (1972). Unless there is an adequate remedy at law, the Court of Chancery retains its jurisdiction over equity matters. 10 *Del.C.* § 342 (1975). *See also Park Oil, Inc. v. Getty Refining & Marketing Co.,* Del.Supr., 407 A.2d 533, 534 (1979). Under the circumstances, the Family Court has no statutory jurisdiction to entertain petitions to rescind contractual agreements outside the scope of divorce or annulment proceedings.

The jurisdiction of the Family Court is defined by statute.[1] Two of its statutory bases for jurisdiction are relevant here. Under the Delaware Divorce and Annulment Act, the Family Court has basic authority to dissolve marriages in actions for divorce or annulment. 13 *Del.C.* § 1504 (1981). Ancillary to that general power, it may divide marital property, award alimony, and grant attorney's fees sought by the parties. 13 *Del.C.* §§ 1512, 1513 & 1515 (1981) (sections 1512 and 1513 revised in 1988). The Family Court's statutory authority over these ancillary matters is expressly limited to divorce or annulment proceedings. *See Villarroel v. Villarroel,* Del.Supr., 562 A.2d 1180, 1182–83 (1989); *Angelli v. Sherway,* Del.Supr., 560 A.2d 1028, 1036 (1989). *Cf. Gilbert v. Gilbert,* Del.Supr., 185 A.2d 73, 75 (1962); *Rickards v. Rickards,* Del.Supr., 166 A.2d 425, 428 (1960). Ancillary relief may be invoked by the petition for divorce, the response thereto, or by motion prior to entry or denial of divorce. 13 *Del.C.* § 1518(c) (1981).

Under the Divorce and Annulment Act the Family Court lacks jurisdiction to consider the wife's petition to rescind the revised agreement because her petition was filed eighteen months *after* the final divorce decree was entered. In that decree the Family Court did not retain jurisdiction over ancillary matters because none were sought, and by its express terms the revised agreement was not merged into the divorce decree. Thus, the Divorce and Annulment Act provides no jurisdictional basis for the Family Court to rescind the revised agreement after the parties' divorce.

We recognize that the Family Court has jurisdiction to construe and enforce support agreements between married and formerly married persons. The Desertion and Support Act provides in part:

> The Family Court of the State shall have exclusive jurisdiction over all actions arising under this chapter. The Court shall have exclusive jurisdiction with respect to construction and enforcement of agreements relating to payments for support between spouses, between persons formerly spouses, between parents and children and between parents and children's spouses or former spouses. The Court shall have and exercise all other jurisdiction and powers relating to support and separate maintenance actions heretofore possessed by the Chancellor or the Court of Chancery of the State.

13 *Del.C.* § 507(a) (1981). The wife argues that this provision gives the Family Court jurisdiction over her petition. She claims that the revised agreement is subject to the statute because it discharged the husband's obligation to pay alimony, and therefore, comes within the statutory language "relating to payments for support ... between persons formerly spouses." The wife further argues that the Family Court may rescind the revised agreement since that power is necessarily included within the statutory authority to construe and enforce support agreements. The wife maintains that in transferring exclusive jurisdiction over support agreements from the Court of Chancery to the Family Court, the legislature intended to confer broad jurisdiction

---

1. We must determine the Family Court's jurisdiction by reference to statutes in force at the time this dispute arose. The parties were divorced on June 7, 1984, and the Wife filed her petition to rescind the revised agreement on December 11, 1985.

on the Family Court to address all issues relating to support agreements.

■ The plain language of section 507 is limited "to construction and enforcement" of support and maintenance agreements. 13 *Del.C.* § 507(a). Those powers are the antithesis of rescission, since they contemplate the continuation of an existing agreement between the parties. When a statute limits the jurisdiction of a court, it must be strictly interpreted. *Theisen v. Hoey*, Del. Ch., 51 A.2d 61 (1947). *See also* 3A *Sutherland Statutory Construction* § 67.03, at 354 (4th ed. 1986).

Moreover, the General Assembly has been careful to limit the jurisdiction of the Family Court over petitions between former spouses regarding disposition of marital property. *See generally Villarroel*, 562 A.2d at 1183 nn. 6 & 7. In 1988, the Governor of Delaware vetoed legislation that attempted to expand the jurisdiction of the Family Court to divide *all* former marital assets.[2] Subsequently, in 1989 the Governor signed into law legislation authorizing the Family Court to hear

> [p]etitions by persons formerly married to each other seeking an interest in or disposition of jointly titled real property, acquired during their marriage where such property was not disposed of (a) by agreement of the parties, or (b) by virtue of ancillary proceedings pursuant to 13 *Del.C.* § 1513. In dividing said property the Family Court shall apply equitable principles unless there is a written agreement signed by the parties regarding the disposition of said property. Unless

there is a written agreement signed by the parties the Family Court shall not consider the factors enumerated in 13 *Del.C.* § 1513.

Act of July 11, 1989, Del.S.B. 106, 135th Gen.Assemb. *See also Villarroel*, 562 A.2d at 1183 n. 7.

Although these laws were proposed after the wife petitioned the Family Court to rescind the revised agreement, they are important because they define the remedies that would be available to the wife in Family Court after rescission. If the revised agreement were rescinded, the Family Court would have authority to divide jointly titled real property, but only as in a partition proceeding. It would not have jurisdiction to divide personal property. Finally, because the husband and wife were already divorced, the Family Court would not have jurisdiction to award alimony since the wife has no enforceable right to support from her former husband. 13 *Del.C.* § 502. Thus, even if the Family Court had jurisdiction to rescind the revised agreement, the wife would be left without enforceable claims.

■ In holding that the Family Court lacks jurisdiction to rescind the revised agreement, the wife is not denied a remedy by present law. Under Family Court Civil Rule 60(b),[3] the wife may seek to reopen the divorce to seek ancillary relief. *Cf. Walter S.J. v. M. Lorraine J.*, Del.Supr., 457 A.2d 319 (1983).

---

**2.** The legislation would have authorized the Family Court to hear "[p]etitions by persons formerly married to each other seeking an interest in or disposition of specific property, real or personal, acquired during or in contemplation of marriage where such property was not disposed of (a) by agreement of the parties, or (b) by virtue of ancillary proceedings pursuant to 13 *Del.C.* § 1513, and relief is not otherwise available." Act of June 11, 1987, Del.S.B. 215, 134th Gen.Assemb. (vetoed May 13, 1988).

**3.** Rule 60. RELIEF FROM JUDGMENT OR ORDER

     *   *      *   *      *   *      *

  (b) *Mistake, Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the Court

may relieve a party or legal representative from a final judgment, order, or proceeding for the following reasons ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; ... (6) any other reason justifying relief from the operation of the judgment. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This Rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant any relief provided by statute, or to set aside a judgment for fraud upon the Court. The procedure for obtaining relief from judgments shall be by motion as prescribed in these Rules or by an independent action.

### III.

The trial court denied the husband's motion to dismiss on the basis of our decision in *Ecmel*. Like this case, *Ecmel* involved a petition in the Family Court to rescind a property division agreement on grounds of undue influence and overreaching. The former spouses had entered into a separate property division agreement prior to their divorce, yet the divorce decree apparently made no reference to the agreement or to any request for ancillary relief by either party. The Family Court rescinded the property division agreement and reopened the divorce proceedings "for the purpose of disposing of ancillary relief requested by either party." *Ecmel*, 451 A.2d at 1174. We affirmed because the evidence in the record supported the findings of the Family Court Judge. *Ecmel*, 460 A.2d at 1322. Unlike this case, however, neither party in *Ecmel* raised the issue of subject matter jurisdiction, and we did not consider it.

It is now apparent that in *Ecmel* the Family Court and this Court incorrectly assumed that the Family Court had jurisdiction. However, the issue of jurisdiction was never raised or considered. In view of our present study of the matter, we are constrained to overrule *Ecmel* in so far as it indicated that the issues under consideration were properly before the Family Court.

Finding no statutory subject matter jurisdiction in the Family Court over this matter, its denial of the husband's motion to dismiss the wife's petition is, REVERSED.