## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| SIERRA CLUB and DELAWARE AUDUBON, | ) ) ) | |
| Appellants Below, | ) ) ) | |
| v. | ) ) ) | No. N14A-05-002 ALR |
| DELAWARE DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL and DELAWARE CITY REFINING COMPANY, LLC, | ) ) ) ) ) ) ) ) | No. N13A-09-001 ALR |
| Appellees Below. | ) | |

*Upon Appellant's Appeal from the Environmental Appeals Board*
**AFFIRMED**
Submitted: February 12, 2015
Decided: March 31, 2015

*Upon Appellant's Appeal from the Coastal Zone Industrial Control Board*
**AFFIRMED ON ALTERNATE GROUNDS**
Submitted: February 12, 2015
Decided: March 31, 2015

Kenneth T. Kristl, Esquire, Attorney for Appellants Sierra Club and Delaware Audubon.

Max B. Walton, Esquire, Matthew F. Boyer, Esquire, Attorneys for Appellees Delaware Department of Natural Resources and Environmental Control.

Bart E. Cassidy, Esquire, Katherine L. Vaccaro, Esquire, Joseph C. Schoell, Esquire, Attorneys for Appellees Delaware City Refining Company, LLC.

**Rocanelli, J.**

## I. Background

These are companion appeals to the Superior Court by the Sierra Club and Delaware Audubon ("Appellants"). Appellants challenge the decisions of the Environmental Appeals Board and the Coastal Zone Industrial Control Board to dismiss administrative appeals of an Order of the Secretary of the Delaware Department of Natural Resources and Environmental Control that approved a permit amendment sought by the Delaware City Refinery Company, LLC.

### A. *Delaware City Refining Co.'s Air Permit Amendment Application to DNREC*

Delaware City Refining Company, LLC ("Refinery") owns and operates a petroleum refinery located in Delaware City. On or about March 21, 2013, the Refinery submitted an Air Permit Amendment Application ("Amendment Application") to the Delaware Department of Natural Resources and Environmental Control ("DNREC"). The Amendment Application requested an amendment to the Refinery's Air Pollution Control Permit for its Marine Vapor Recovery System ("Vapor Recovery System"). The Vapor Recovery System is used to capture escaping vapors that are released when the Refinery transfers petroleum products onto marine barges. The Refinery's Vapor Recovery System operates under an air permit that addresses the air control requirements imposed under federal and state pollution control law.

The Refinery's previous air permit authorized the Vapor Recovery System to collect emissions from the loading of gasoline and gasoline components. The Refinery's Amendment Application requested authorization to expand the Vapor Recovery System in order to accommodate emissions generated from the loading of crude oil onto marine vessels at the Refinery's docking facility. The Amendment Application also requested changes to the Vapor Recovery System's emission standards and operational limitations.

## B. *Public Hearing; Public Comment Period; Hearing Officer's Report*

On April 8, 2013, DNREC published notice of the Refinery's Amendment Application in *The News Journal* and *Delaware State News* inviting public comment. On May 8, 2013, DNREC held a public hearing regarding the Refinery's Amendment Application ("Public Hearing"). Robert Haynes, Esquire, was assigned as the hearing officer ("Hearing Officer") to preside over the Public Hearing and prepare a report of recommendations for DNREC's Secretary. The transcript of the Public Hearing was submitted to the Court as part of the appellate record. Public comment was heard. In addition to raising general environmental concerns during the Public Hearing, a representative of the Sierra Club suggested that the Refinery's requested amendment would violate the Coastal Zone Act ("CZA").[1] At the Public Hearing, the Hearing Officer noted that his report and the

---

[1] 7 *Del. C.* § 7001 *et. seq.*

2

Secretary's decision would include consideration of concerns regarding compliance with the CZA.

At the conclusion of the Public Hearing, the State of Delaware Department of Justice ("DOJ") requested that the public comment period remain open for 14 days. During this time period, the DOJ was to continue its internal analysis and make a submission to the Hearing Officer for consideration. The Hearing Officer granted the DOJ's request for an additional period for public comment. The Hearing Officer stated at the conclusion of the Public Hearing that the public comment period for written comments would be extended to May 22. Thereafter, written comments were submitted.

The Hearing Officer issued a report on May 29, 2013 ("Report"). The Report noted that the Refinery's Amendment Application was reviewed under *Delaware Regulations Governing the Control of Air Pollution*, codified at Subdivision 1100 of Title 7 of the Delaware Administrative Code. With respect to the CZA, the Report noted that the Refinery did not seek a CZA permit or request a status decision in the Amendment Application.[2] Accordingly, the Hearing Officer found that the CZA was not implicated by the Refinery's proposal.

---

[2] *See* 7 *Del. C.* § 7005 (outlining the administration of the CZA); *and* 7 *Del. C.* § 7007 (limiting the Coastal Zone Board's jurisdiction to decisions made under § 7005). *See also* 7 Del. Admin. C. § 101-7.0 (establishing procedure to request a status decision from the Coastal Zone Board to determine if an activity requires a CZA permit); *and* 7 Del. Admin. C. § 101-8.0 (establishing procedure to submit CZA permit applications with the Coastal Zone Board).

*C. Secretary's Order Approving the Refinery's Air Permit Amendment Application*

Following a review of the Report, then-DNREC Secretary Colin O'Mara ("Secretary") approved the Refinery's Amendment Application by Secretary's Order No. 2013-A-0020 dated May 31, 2013 ("Secretary's Order"). The Secretary's Order noted that the purpose of the Refinery's Amendment "is to allow crude oil to be loaded onto vessels at [the Refinery's] Delaware River docking facility." The Secretary's Order addressed concerns regarding both air quality and CZA violations.

*D. Appeals of the Secretary's Order by the Sierra Club and Delaware Audubon*

On June 14, 2013, the Sierra Club and Delaware Audubon ("Appellants") filed companion appeals ("Dual Appeals") of the Secretary's Order to both the Coastal Zone Industrial Control Board ("Coastal Zone Board") and the Environmental Appeals Board ("EAB"). Appellants asserted that the Coastal Zone Board was "the appropriate forum to determine the applicability of the CZA to a particular activity," but explained that Dual Appeals were filed as a "prophylactic measure to assure that the CZA issues are decided on their merits (as opposed to being decided on the failure to file in the correct appellate forum)."

In its appeal filed with the EAB, Appellants stated: "[t]he Appellants are challenging only the portions of the [Secretary's] Order in which the Secretary

4

ruled on the status of the crude oil transfer operation under the Coastal Zone Act[.]" In the Application to Appeal filed with the Coastal Zone Board, the Appellants stated: "the [Secretary's] Order constitutes a decision concerning the applicability of the CZA[.]"

*E. Motions to Dismiss Dual Appeals on the Basis of Subject Matter Jurisdiction and Failure to Establish Legal Standing*

DNREC and the Refinery filed motions to dismiss with the EAB for lack of subject matter jurisdiction. DNREC and the Refinery's motions asserted that principles of statutory construction and applicable case precedent prevented the EAB from considering appeals that solely raise CZA issues.

Similarly, DNREC and the Refinery filed motions to dismiss with the Coastal Zone Board for lack of subject matter jurisdiction. The Refinery also filed a motion to dismiss with the Coastal Zone Board for failure to establish legal standing, which DNREC then joined. With respect to subject matter jurisdiction, DNREC and the Refinery's motions asserted that the Secretary's Order was not a decision regarding a CZA permit application or status determination.[3] Accordingly, DNREC and the Refinery contended that the Coastal Zone Board was not the proper venue for an appeal of the Secretary's Order.[4] With respect to legal standing, the Refinery asserted that the alleged harm suffered by Appellants

---

[3] *See supra* note 2.
[4] *See* 7 *Del. C.* § 7007 ("The [Coastal Zone Board] shall have the power to hear appeals from decisions of the Secretary of [DNREC] made under § 7005 of this title.").

5

was too generalized, and therefore Appellants failed to satisfy the elements for legal standing under 7 *Del. C*. § 7007(b), as set forth by the Delaware Supreme Court in *Oceanport Industries, Inc. v. Wilmington Stevedores, Inc.*[5]

## F.  EAB Proceedings and Opinion

The EAB held a public hearing and heard oral argument.  Upon consideration of the motions to dismiss, the public hearing, and oral argument, the EAB issued a written opinion dismissing the appeal for lack of subject matter jurisdiction.  The EAB concluded that the EAB's jurisdictional authority did not extend beyond actions arising under Chapter 60 of Title 7 of the Delaware Code.  Specifically, the EAB reasoned that the issues raised by Appellants pertained solely to matters arising under the CZA, codified at Chapter 70 of Title 7 of the Delaware Code.  Pursuant to Chapter 60 of Title 7 of the Delaware Code and *Oceanport*, the EAB determined that the Coastal Zone Board serves as the appropriate forum for appeals arising under the CZA.  Accordingly, the EAB granted DNREC and the Refinery's motions to dismiss the appeal for lack of subject matter jurisdiction.

## G. Coastal Zone Board Proceedings and Opinion

The Coastal Zone Board held a public hearing and heard oral argument.  Upon consideration of the motions to dismiss, the public hearing, and oral

---

[5] 636 A.2d 892, 900 (Del. 1994).

argument, the Coastal Zone Board issued a written opinion dismissing the appeal for failure to establish legal standing. The Coastal Zone Board concluded that Appellants failed to satisfy the elements for standing under 7 *Del. C*. § 7007(b) as articulated by the Supreme Court in *Oceanport*. The Coastal Zone Board also grounded its decision on "the hearsay nature of the evidence presented."[6] Accordingly, the Coastal Zone Board granted DNREC and the Refinery's motion to dismiss for failure to establish legal standing.

*H. Appeals to Superior Court*

On May 7, 2014, Appellants filed appeals with this Court, challenging the decisions of the EAB and the Coastal Zone Board's to dismiss the Dual Appeals. DNREC and the Refinery filed motions in support of the EAB and Coastal Zone Board's decisions to dismiss the Dual Appeals.

## II.     Standard of Review for Administrative Appeals

In reviewing an appeal from an administrative board decision, the Court must determine whether the agency's ruling is supported by substantial evidence

---

[6] DNREC and the Refinery stipulated to the admission of affidavits from concerned citizens into evidence prior to the hearing. DNREC and the Refinery did not stipulate to the truth of the matters asserted in the affidavits or that the affidavits had any probative value on the factual issues necessary to a finding of standing. The Coastal Zone Board considered the affidavits to constitute hearsay evidence. The Coastal Zone Board found that the lack of any factual evidence apart from hearsay to support Appellants' argument provided an independent legal basis for the decision to grant the Refinery's motions to dismiss. As noted below, the Court will not address standing or whether the affidavits were appropriately considered.

7

and free from legal error.[7] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[8] It is more than a scintilla but less than a preponderance of the evidence.[9] Only when there is no satisfactory proof to support a factual finding of the Board may the Court overturn the agency's finding.[10]

### III. Standard of Review for Subject Matter Jurisdiction

The Court maintains plenary review over issues regarding application or construction of law.[11] Accordingly, the Court reviews the issue of subject matter jurisdiction *de novo*,[12] and examines whether legal precepts were correctly formulated and applied.[13] When subject matter jurisdiction is at issue, the plaintiff bears the burden of establishing such jurisdiction.[14] A challenge to subject matter

---

[7] *Andreason v. Royal Pest Control*, 72 A.3d 115, 125 (Del. 2013) (citing *Stoltz Mgmt. Co. v. Consumer Affairs Bd.*, 616 A.2d 1205, 1208 (Del. 1992)).

[8] *Streett v. State*, 669 A.2d 9, 11 (Del. 1995) (quoting *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[9] *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988).

[10] *Noel-Liszkiewicz v. La-Z-Boy*, 68 A.3d 188, 191 (Del. 2013).

[11] *Stoltz Mgmt. Co.*, 616 A.2d at 1208.

[12] *Sanders v. Sanders*, 570 A.2d 1189, 1190 (Del. 1990).

[13] *Candlewood Timber Grp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 997 (Del. 2004); *Sanders*, 570 A.2d at 1190.

[14] *Charlotte Broad., LLC v. Davis Broad. of Atlanta, LLC*, 2013 WL 1405509, at *3 (Del. Ch. Apr. 2, 2013) (citing *Christiana Town Ctr., LLC v. New Castle Cnty.*, 2003 WL 21314499, at *3 (Del. Ch. June 6, 2003)).

jurisdiction cannot be waived,[15] nor can subject matter jurisdiction be conferred by agreement.[16]

The right to an administrative appeal is created by statute.[17] As the Supreme Court noted in *Oceanport*, "no party has a right to appeal unless the statute governing the matter has conferred a right to do so."[18] *Oceanport* specifically addresses the statutory scheme developed by the Delaware General Assembly for the public's participation in environmental matters. The Supreme Court states:

> The General Assembly provided a role for the participation of the general public in the protection of natural resources by establishing a minimal standing requirement for involvement in hearings during the permit process.[19]

In the case before this Court, the proceedings below included a public hearing and public comment period. The Secretary considered environmental concerns raised by members of the public before issuing the Secretary's Order.

The Court rejects Appellants' position that either the Coastal Zone Board or the EAB "should" have jurisdiction to consider Appellants' appeal. Whether there should be a right to an administrative appeal is not an appropriate issue for judicial

---

[15] *See Appriva S'holder Litig. Co. v. EV3, Inc.,* 937 A.2d 1275, 1284 (Del. 2007); *Plummer v. Sherman*, 861 A.2d 1238, 1243 (Del. 2004).

[16] *See Butler v. Grant*, 714 A.2d 747, 749-50 (Del. 1998); *El Paso Natural Gas Co. v. TransAmerican Natural Gas Co.,* 669 A.2d 36, 39 (Del. 1995).

[17] *See New Castle Cnty. v. Chrysler Corp.,* 681 A.2d 1077, 1088 (Del. Super. 1995) ("In all cases, civil and criminal appeal procedures are the creatures of the constitution or statutes within the jurisdiction. . . ." (quoting *State ex. rel. Caulk v. Nichols*, 267 A.2d 610, 612 (Del. Super. 1971), *aff'd*, 281 A.2d 24 (Del. 1971))).

[18] *Oceanport Industries Inc.*, 636 A.2d at 900.

[19] *Id.*

consideration. Rather, creation of such rights is strictly a legislative function. The law does not require that at least one administrative board have jurisdiction over Appellants' challenge to the Secretary's Order. The judicial function is limited to applying the statute objectively and not revising it.[20]

### IV. The EAB Does Not Have Subject Matter Jurisdiction to Consider the Appeal

Appellants assert that the EAB erred as a matter of law in holding that the EAB lacks subject matter jurisdiction to consider the appeal. The Court finds that the EAB correctly formulated and applied the proper legal precepts in determining that the EAB lacks subject matter jurisdiction to consider issues that are raised solely under the CZA.

Appeals to the EAB are governed by 7 *Del. C.* § 6008. Any person whose interest is substantially affected by any action of the Secretary may appeal to the EAB within 20 days after receipt of the Secretary's decision or publication of the decision.[21] Any person or persons aggrieved by any decision of the EAB may appeal to the Superior Court in and for the county in which the activity in question is wholly or principally located.[22] On appeal, the Court may affirm, reverse or modify the EAB's decision.[23]

---

[20] *In re Adoption of Swanson*, 623 A.2d 1095, 1097 (Del. 1993); *In re Panousseris' Will*, 151 A.2d 518, 523 (Del. 1959).
[21] 7 *Del. C.* § 6008(a).
[22] 7 *Del. C.* § 6009(a).
[23] 7 *Del. C.* § 6009(b).

On June 13, 2013, Appellants filed a Statement of Appeal with the EAB. Appellants' Statement of Appeal states, in relevant part, that "[t]he Appellants are challenging only the portions of the [Secretary's] Order in which the Secretary ruled on the status of the crude oil transfer under the Coastal Zone Act." Accordingly, Appellants strictly limit their appeal to issues arising under the CZA.

The Court finds that the EAB properly relied upon the Supreme Court's decision in *Oceanport* as applicable and binding legal precedent. In *Oceanport*, the Supreme Court reviewed a decision by Superior Court to overturn the issuance of environmental permits and remand the case back to the EAB.[24] On remand, the Superior Court directed the EAB to review the status of the project at issue under the CZA.[25] The Supreme Court found that the Superior Court committed legal error by directing the EAB to make determinations on issues arising under the CZA.[26] The Supreme Court noted that "[a]lthough Oceanport received a CZA status decision from the Secretary, Delaware law does not compel concurrent compliance with regard to Chapter 60 permits."[27]

In determining that the EAB lacks subject matter jurisdiction to consider the appeal, the EAB properly formulated and applied *Oceanport* as the appropriate legal precept. The Court finds that *Oceanport* is on-point and controlling in this

---

[24] *Oceanport Industries Inc.*, 636 A.2d at 899.
[25] *Id.*
[26] *Id.* at 907.
[27] *Id.*

appeal. The *Oceanport* decision makes it clear that the EAB does not have authority to consider appeals that center upon CZA objections. Accordingly, the EAB's decision is free from legal error and must be affirmed.

## V. The Coastal Zone Board Does Not Have Subject Matter Jurisdiction to Consider the Appeal

Appellants assert that the Coastal Zone Board erred as a matter of law in dismissing the appeal. On June 13, 2013, Appellants filed an Application to Appeal from a Coastal Zone Act Decision with the Coastal Zone Board. Appeals to the Coastal Zone Board are governed by 7 *Del. C.* § 7007. The Coastal Zone Board's jurisdictional authority is limited to appeals of the Secretary's decisions made under 7 *Del. C.* § 7005.[28] Secretary decisions under § 7005 are matters that involve Coastal Zone permit applications,[29] or requests for status decisions to determine if a proposed activity requires a Coastal Zone permit.[30] On appeal, the Court may affirm, reverse or modify a decision of the Coastal Zone Board made under § 7007.[31]

As part of its decision-making process, DNREC considered whether the Refinery's Amendment Application implicated the CZA and whether the Refinery's proposal required a CZA permit. The Secretary found:

---

[28] 7 *Del. C.* § 7007(a).
[29] 7 *Del. C.* § 7005(a); 7 Del. Admin. C. § 101-8.0.
[30] 7 *Del. C.* § 7005(a); 7 Del. Admin. C. § 101-7.0.
[31] 7 *Del. C.* § 7008.

12

> [B]ased on this record, that the proposed use to transfer crude to ships is not a change of use under the [CZA]. The [Hearing Officer's] Report finds that it is not the type of change that requires a [Coastal Zone] permit since the use pre-existed the [CZA], the docking facility footprint is unchanged, the only construction is pollution controls, the use does not expand industrial development within the Coastal Zone, and the transfer is allowable.[32]

Although the Secretary found that "the proposed activity [by the Refinery] is allowable and does not require a [CZA] permit," the Secretary also stated that "the [Refinery] should request a Coastal Zone Status Decision if future physical or operational changes are intended or implemented."[33] In making findings under the CZA, the Secretary referenced 7 Del. Admin. C. 101-5.9 and 5-16.

If the Secretary had considered an application for a CZA permit or issued a Coastal Zone Status Decision, there would be no question regarding the subject matter jurisdiction of the Coastal Zone Board. However, that is not the procedural posture of the matter before the Court. Rather, the Secretary found that the activity proposed in the Refinery's Amendment Application did not implicate the CZA. The Secretary issued an air permit, and not a CZA permit or a Coastal Zone Status Decision.

Appellants contend that the Secretary's decision to *not* require a CZA permit or Coastal Zone Status Decision is itself within the subject matter jurisdiction of the Coastal Zone Board. The Court disagrees. The Secretary approved the

---

[32] Secretary's Order, 5.
[33] Secretary's Order, 7.

Refinery's Amendment Application for the construction and expansion of emissions controls. Subject matter jurisdiction of the Coastal Zone Board cannot be predicated upon the Secretary's conclusion that this proposed activity does not require a CZA permit or Coastal Zone Status Decision. The Coastal Zone Board properly relied upon statutory authority in finding that the Secretary's Order did not implicate a CZA decision within the jurisdiction of the Coastal Zone Board's review.

The Coastal Zone Board lacks subject matter jurisdiction to consider an appeal of the Secretary's decision regarding matters outside of 7 *Del. C.* § 7005. Accordingly, the dismissal of the appeal must be affirmed, albeit on the alternate grounds that the Coastal Zone Board lacks subject matter jurisdiction.

### VI. Whether Appellants Had Standing Before The Coastal Zone Board Need Not Be Considered

The Coastal Zone Board found that Appellants did not have legal standing to challenge the Secretary's Order. However, the question of subject matter jurisdiction is a threshold question.[34] This Court sits in limited appellate review of the findings of the Coastal Zone Board.[35] Because the Court concludes that the Coastal Zone Board does not have subject matter jurisdiction over the appeal, any

---

[34] *See* Super. Ct. Civ. R. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action."); *Ford v. Pep Boys*, 1989 WL 16987, at *1 (Del. Super. Feb. 21, 1989).

[35] *See* 7 *Del. C.* § 7008. *See also Delstar Indus., Inc. v. Del. Dep't of Labor Div. of Unemployment Ins. Appeals Bd.*, 1997 WL 27109, at *6 (Del. Super. Jan. 8, 1997).

14

legal conclusions regarding the issue of standing need not be considered by the Court.

### VII.  Conclusion

Neither the EAB nor the Coastal Zone Board had subject matter jurisdiction to consider the specific appeals presented by Sierra Club and Delaware Audubon. The EAB properly concluded that it does not have subject matter jurisdiction to consider the appeal.  Accordingly, the dismissal of the appeal by the EAB is affirmed for the reasons stated herein.  The Coastal Zone Board does not have subject matter jurisdiction to consider the appeal.  Accordingly, the dismissal of the appeal by the Coastal Zone Board is affirmed on alternative grounds for the reasons stated herein.

**NOW, THEREFORE, on this 31st day of March 2015, the dismissal of the appeal by the Environmental Appeals Board is hereby AFFIRMED and the dismissal of the appeal by the Coastal Zone Industrial Control Board is hereby AFFIRMED on alternate grounds.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

15