VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00053



| NEWSVT Declaratory Ruling Appeal |
|---|

## ENTRY ORDER

Title:        Motion to Dismiss (Motion: 6)
Filer:        Matthew B. Byrne, Esq.
Filed Date:   December 12, 2023

Response in Support of Motion filed by Kane Smart Esq., attorney for the Agency of Natural
    Resources, on January 11, 2024.

Memorandum in Opposition filed by James A. Dumont Esq., attorney for Don't Undermine
    Lake Memphremagog's Purity, LLC, on February 2, 2024.

Memorandum in Opposition filed by John C. Mason Overstreet Esq., attorney for
    Conservation Law Foundation, and Jon Groveman, Esq., attorney for Vermont
    Natural Resources Council, on February 2, 2024.

Reply to Memorandum in Opposition filed by Kane Smart, Esq. on February 15, 2024.

Reply to Memorandum in Opposition filed by Matthew B. Byrne, Esq. on February 15, 2024.

**The motion is GRANTED.  The matter is DISMISSED.**

This is an appeal by Don't Undermine Lake Memphremagog's Purity, LLC (DUMP) of
a May 5, 2023 Declaratory Ruling pursuant to 3 V.S.A. § 808 related to New England Waste
Services of Vermont, Inc's (NEWSVT) use of its property located at Landfill Lane, Coventry,
Vermont (the Property) and the operation of so-called Underdrain III for alleged discharges
from NEWSVT's landfill operation (the Declaratory Ruling).  Specifically, DUMP's petition
requested a ruling as to whether NEWSVT was required to obtain a National Pollutant
Discharge Elimination System (NPDES) permit and requested that the Secretary require
such a permit.  The Secretary declined to issue a ruling requiring NEWSVT to obtain a NPDES
permit.  DUMP subsequently appealed that decision to this Court.

1

DUMP is represented by Attorney James A. Dumont. NEWSVT is represented by Attorneys Matthew B. Byrne and Timothy M. Eustace. The Agency of Natural Resources (ANR) is represented by Attorneys Elizabeth F. Lord and Kane Smart. The Conservation Law Foundation (CLF) and the Vermont Natural Resources Council (VNRC) have been granted status as intervenors in this matter and are represented by Attorneys John Mason Christian Overstreet and Jon Mark Groveman, respectively (together, Intervenors).

Presently before the Court is NEWSVT's motion to dismiss the pending action for lack of subject matter jurisdiction. ANR supports the pending motion. DUMP and Intervenors oppose.

## Legal Standard

With respect to motions to dismiss for lack of subject matter jurisdiction, we follow the standards established by the Vermont Rules of Civil Procedure (V.R.C.P.) Rule 12(b)(1), because the civil rules govern proceedings in this Court. See V.R.E.C.P. 5(a)(2). When considering Rule 12(b)(1) motions to dismiss, this Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. We, therefore, provide deference to DUMP in reviewing the pending motion.

## Discussion

The pending motion requires the Court to analyze our jurisdiction over appeals of declaratory rulings made pursuant to petitions authorized by 3 V.S.A. § 808 under the Administrative Procedure Act (APA). The Court understands this to be the first time it has been asked to address this specific issue. For the reasons set forth here, we conclude that this Court lacks jurisdiction over the appeal.

This Court is one of limited jurisdiction. 4 V.S.A. § 34 (defining the scope of jurisdiction of the Environmental Division). This includes jurisdiction over matters arising under 10 V.S.A. Chapter 220. Id. Pursuant to Chapter 220, this Court's jurisdiction includes "appeals of an act or decision by the Secretary [of ANR] . . . under the . . . authorities and under the rules adopted under those authorities" of Title 10, Chapter 47. 10 V.S.A. § 8503(a)(1)(E).

Presently before the Court is an appeal of a declaratory ruling made in response to a petition submitted pursuant to 3 V.S.A. § 808.  Section 808 states:

> Each agency shall provide for the filing and prompt disposition or petitions for declaratory rulings as to the applicability of any statutory provision or of any rule or order of the agency, and may so provide by procedure or rule.  Rulings disposing of petitions have the same status as agency decisions or orders in contested cases.

3 V.S.A. § 808.

Pursuant to 3 V.S.A. § 815(a) states that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in any contested case may appeal that decision to the Supreme Court, unless some other court is expressly provided by law."

It is undisputed that the petition giving rise to the Declaratory Ruling on appeal was made pursuant to 3 V.S.A. § 808 and that ANR processed the petition pursuant to the APA. Thus, the Court can only have jurisdiction over the appeal if "expressly provided by law." 3 V.S.A. § 815(a).

When interpreting a statute, the Court's goal is "to give effect to the intent of the Legislature."  State v. Therrien, 2011 VT 120, ¶ 9, 191 Vt. 24 (quotation omitted).  "In determining that intent, we begin by looking at the plain language of the statute."  Flint v. Dep't of Labor, 2017 VT 89, ¶ 5, 205 Vt. 558.  "[W]hen a statute is unambiguous and has a plain meaning, we 'accept the statute's plain meaning as the intent of the Legislature and our inquiry proceeds no further.'"  Town of Pawlet v. Banyai, 2022 VT 4, ¶ 21 (quoting Wesco, Inc. v. Sorrell, 2004 VT 102, ¶ 14, 177 Vt. 287).  Further, when interpreting a statute, there is a basic presumption "that language is inserted in a statute advisedly."  Trombley v. Bellows Falls Union High Sch. Dist. No. 27, 160 Vt. 101, 104 (1993).  As such, we "construe statutes to avoid rendering one part mere surplusage."  In re Jenness & Berrie, 2008 VT 117, ¶ 24, 185 Vt. 16.  Further, "'[w]hen a statute limits the jurisdiction of a court, it must be strictly interpreted.'"  Allen v. Allen, 161 Vt. 526, 531 (1994) (Dooly, J., concurring) (quoting Sanders v. Sanders, 570 A.2d 1189, 1192 (Del. 1999)).

Black's Law Dictionary defines "express" as "[c]learly and unmistakably communicated; stated with directness and clarity." Black's Law Dictionary (11th ed. 2019) ("Express"). The definition compares the word "express" to that of "implied." Id. "Implied" is defined as "[n]ot directly or clearly expressed; communicated only vaguely or indirectly . . . 2. Recognized by law as existing inferentially . . . ." Black's Law Dictionary (11th ed. 2019) ("Implied").

The language of § 815 is clear and unambiguous. Appeals of § 808 declaratory rulings are to be directly taken to the Vermont Supreme Court unless some other court is directly and clearly identified.

There is no direct and clear provision of law granting this Court jurisdiction over an appeal of the Declaratory Ruling or appeals of § 808 declaratory rulings, generally. There is no provision of 4 V.S.A. § 34 expressly stating such jurisdiction, nor is there any provision in 10 V.S.A. § 8503 expressly granting jurisdiction.

Instead, the sole argument in favor of this Court's jurisdiction is built on implication. DUMP and Intervenors assert that this Court retains jurisdiction by virtue of this Court having appellate jurisdiction over acts or decisions of the Secretary issued under the authorization of Chapter 47. See 10 V.S.A. § 8503(a)(1)(E). Because their § 808 petition sought a ruling of the Secretary related to laws set forth in Chapter 47, they argue that this Court retains jurisdiction over the appeal. This assertion can only be classified as impliedly provided jurisdiction. Functionally, DUMP and Intervenors ask this Court to place the content of a declaratory ruling over the procedure in which the ruling was brought about. In this jurisdictional context, however, the Court may not place substance over form to expand our jurisdiction beyond the legislative intent. To follow DUMP and Intervenors' logic would be to read out the provision that jurisdiction over declaratory ruling appeals must be expressly provided by law to divert from the requirement that appeals go to the Vermont Supreme Court and allow for implied jurisdiction over such declaratory rulings when some other court would have the ability to hear appeals related to the content of the ruling.

The Court will not interpret a statute so as to render a portion of the statute effectively meaningless in this way. See Jenness & Berrie, 2008 VT 117, ¶ 24 (requiring statutes to be

4

construed to "avoid rending one part mere surplusage."). This is particularly true when to do so would be expand the jurisdiction of this Court, one of limited jurisdiction. See <u>Allen v. Allen</u>, 161 Vt. at 531 (Dooly, J., concurring) (citation omitted). The Legislature was aware of the provisions of the APA when it defined the scope of this Court's jurisdiction by statute. It did not include any express provision of law granting this Court the ability to hear appeals of § 808 declaratory rulings.

The Court notes that in our November 8, 2023 decision in this matter, the Court operated under the assumption that it retained jurisdiction over the appeal pursuant to 10 V.S.A. § 8503. See <u>In re NEWSVT Declaratory Ruling Appeal</u>, No. 23-ENV-00053 (Vt. Super. Ct. Envtl. Div. Nov. 8, 2023) (Walsh, J.). At that time, the Court's jurisdiction generally over an appeal of a declaratory ruling under the APA was not at issue or substantively disputed. It is clear to the Court now, however, upon additional legal briefing and review that the Court's previous jurisdictional assumption was in error and the law clearly does not vest jurisdiction of the appeal in this Court by virtue of an inferred interpretation of 10 V.S.A. § 8503. Instead, an appeal of the Declaratory Ruling was required to be made with the Vermont Supreme Court as provided in 3 V.S.A. § 815.

Thus, this Court must conclude that it is without jurisdiction over the appeal. NEWSVT's motion is **GRANTED** and the matter is **DISMISSED**.

This concludes the matter before the Court. A Judgment Order accompanies this Entry Order.

Electronically signed this 17th day of April 2024 pursuant to V.R.E.F. 9(D)

Thomas G. Walsh, Judge
Superior Court, Environmental Division